# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Phillip Kaplan,<br><br>          Plaintiff,<br><br>v.<br><br>State of California, et al.; City of San Diego CA, et al.; San Diego Police Department; Officer Eric Miller 10#6112; Officer Dwight Dunagan 10#5846; Officer Jaclyn Lowry 10#7390; Roadone Towing (AKA A to Z ENT); Eric Miller; Dwight Dunagan; Jaclyn Lowry as private individuals,<br><br>          Defendants. | Case No.: 17-cv-1336-AJB-KSC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br>**(Doc. Nos. 8, 13)** |

  Before the Court is Defendants City of San Diego, San Diego Police Department (SDPD), and Officers Eric Miller and Jaclyn Lowry's motion to dismiss Plaintiff Phillip Kaplan's First Amended Complaint (FAC), or in the alternative, for a more definite statement. (Doc. No. 8.) Separately, Defendant Dwight Dunagan also moves to dismiss the FAC, or in the alternative, for a more definite statement. (Doc. No. 13.)[1] For the reasons

---

[1] Because both motions to dismiss make nearly identical arguments, the Court analyzes them jointly and cites to references from both.

discussed herein, the Court **GRANTS** Defendants' motions.

## I. BACKGROUND

Plaintiff brought the instant action for trespass, trespass on the case, constitutional rights violations, and 42 U.S.C. § 1983 violations. (Doc. No. 4 at 1.) Plaintiff alleges officers Miller, Dunagan, and Lowry seized and caused to be impounded his Freightliner Sprinter van because the van did not have a license plate, and Plaintiff did not have registration for the van. (Doc. No. 4 at 5–6.) Kaplan informed the officers he was not a San Diego resident, had been traveling through many states for several years, lived in the van, and had yet to title the van with any state. (*Id.*) After paying the towing fee the following day, Kaplan's receipt stated his van was towed pursuant to California Vehicle Code 22651, which allows an officer to remove a vehicle when its registration has expired more than "six months before the date it is found or operated on the highway, public lands, or [an] offstreet parking facility." (*Id.* at 6 (quoting CVC 22651(o)(1)(A).) Kaplan argues he could not have violated this law because he had "only been in California for approximately 45 days, less than two months at the time of this incident." (*Id.*) Kaplan eventually retrieved his van, after starting the titling process, getting a moving permit from the DMV, and paying towing and storage charges to the towing company. (*Id.* at 10.)

## II. LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975

(9th Cir. 2007). Notwithstanding this deference, a reviewing court need not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 664.

Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" because pro se litigants are more prone to making errors in pleading than litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted). Thus, the Supreme Court has stated that federal courts should liberally construe the "'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short plain statement of "the claim showing that the pleader is entitled to relief[.]" Even if some claims may not—on their face—be subject to dismissal under Rule 12(b), a court still has discretion to dismiss those that fail to comply with the requirement that they be simple, concise, and direct. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (citing Fed. R. Civ. P. 8(e)).

### III. DISCUSSION

Defendants argue Plaintiff's FAC should be dismissed for failure to conform to Federal Rule of Civil Procedure 8 as the complaint does not clearly identify each claim for relief and contains numerous pages of "unnecessary legal citations, discourses on unrelated issues, as well as 'Exhibits' of copied and pasted sections from non-germane newspaper articles." (Doc. Nos. 8-1 at 12–13; 13-1 at 12.) Defendants argue that Plaintiff's FAC would make the work of other parties to this case, as well as the Court, impracticable. (Doc. Nos. 8-1 at 13; 13-1 at 12–13.)

Rule 8 states a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It is well settled that dismissal is proper where

a complaint is "argumentative, prolix, replete with redundancy, and largely irrelevant[,]" *McHenry*, 84 F.3d at 1177–80, or where filings are confusing, conclusory, and unnecessarily voluminous. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (holding that dismissal of plaintiff's complaint was appropriate as it exceeded seventy pages in length, was confusing, conclusory, and not in compliance with Rule 8). At 91 pages, Plaintiff's complaint is beyond prolix. It is entirely unclear what claims Plaintiff is asserting and this Court finds the number of irrelevant and improper legal citations contained therein—given the legal insufficiency of many of Plaintiff's claims discussed below—more than sufficient grounds for dismissal.

Significantly, Plaintiff misconstrues 42 U.S.C. § 1983—as well as other statutes—in alleging the Defendants violated federal law, (Doc. No. 4 at 22), when the statute in fact does not by itself establish or create any substantive rights but merely "authorizes a cause of action based on the deprivation of civil rights[.]" *Chapmen v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). Under the same premise, Plaintiff cites the following statutes: 42 U.S.C. §§ 14141, 12202, 12203; 15 U.S.C. §1122; 28 U.S.C §§ 1243, 595; and 18 U.S.C. §§ 241, 242, 245, 2236, 1962. (*Id.* at 22.) Many of these are entirely irrelevant to his pleadings. The Court notes, for example, that 42 U.S.C. § 14141 (now codified as 34 U.S.C.A. § 12601) pertains to "the administration of juvenile justice or the incarceration of juveniles" and authorizes the Attorney General to pursue a civil action in the name of the United States. *See* 34 U.S.C.A. §§ 12601 (a)–(b). Plaintiff has not alleged any facts that would indicate the administration of juvenile justice is relevant here.

Similarly, the FAC appears to argue that the deprivations Plaintiff has suffered are the result of an unconstitutional exercise of the police power. (*Id.* at 35.) Variously citing phraseology from different state supreme courts, the U.S. Supreme Court, and the "<u>COURT OF APPEALS FOR THE NINTH CIRCUIT</u> and 5 similar citations[,]" Plaintiff argues repeatedly that the police power cannot justify arbitrary laws that infringe upon fundamental rights, and that one cannot be penalized for exercising their constitutional rights. (*Id.*) However, the constitutional rights Plaintiff invokes are unclear. The FAC

alleges different combinations of constitutional protections at various places, including the following combinations: Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments, (*Id.* at 11); the Fourth and Fourteenth Amendments, (*Id.* at 24); and the Fourth, Fifth, Ninth, and Fourteenth Amendments, (*Id.* at 28). The Supreme Court has clearly stated that assessing claims under 42 U.S.C § 1983 begins with identifying the precise constitutional right allegedly infringed upon. *Graham v. Connor*, 490 U.S. 386, 394 (1989). The FAC's unclear and inconsistent invocation of constitutional provisions fails to conform to the requirement that it be clear, concise, and direct under Rule 8(e).

Finally, from a practical standpoint, after an analysis of the Complaint, it is impossible for the Court to deduce the cause or causes of action being alleged. Moreover, the Court's limited resources make it impractical to scrutinize each of Plaintiff's allegations and theorize what hypothetically cognizable claims for relief are being alleged. Thus, the Court **DISMISSES** the FAC in its entirety, with leave to amend.

## IV. PLAINTIFF'S ALLEGATIONS DISMISSED WITH PREJUDICE

While the Court grants Plaintiff leave to amend, many of the FAC's allegations are without legal support and thus are dismissed with prejudice. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (finding dismissal is proper were a "plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief.") (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

As an initial matter, Plaintiff's claim that he is not subject to the United States' jurisdiction, (Doc. No. 4 at 11), known as the "sovereign citizen" argument, has been uniformly rejected by courts. *See U.S. v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986); *see also U.S. v. Staten*, No. 1:10-cr-179, 2012 WL 2389871, at *3 (M.D. Pa. June 25, 2012) (collecting cases). Plaintiff seems to rely on his so-called "sovereign citizenship" to allege defendants acted "without jurisdiction" in impounding his vehicle. (*Id.* at 14–15.) However, Plaintiff was parked on the public streets of San Diego and this Court cannot conceive of any rule that would bar local law enforcement from stopping or impounding vehicles on public roads in appropriate circumstances. Thus, Plaintiff's argument that his

constitutional rights were violated because the officers had no jurisdiction over him is **DISMISSED WITH PREJUDICE.** Similarly, Plaintiff alleges he was forced to associate and contract with the California government and the department of motor vehicles. (Doc. No. 4 at 34.) As defendants state, there is no "right to refuse to associate with a state law." (Doc. No. 13-1 at 19.) Because the Court finds Plaintiff is subject to local authority—including the vehicle code—his invocation of the Foreign Sovereign Immunities Act, (*id.* at 16–20), is inappropriate. Thus, the claims Plaintiff alleges under that act, including his references to the "Commercial Activity Exception," commercial contracts, "[t]he immunity doctrine of respondeat superior under the clearfield doctrine or common law," and his argument that the government acted in excess of jurisdiction, (*id.* at 17–18, 20), are also **DISMISSED WITH PREJUDICE.** Further, Plaintiff's defense that he is not required to register his vehicle because he is not a "person" under Cal. Veh. Code § 4000(a)(1), (*id.* at 44–52, 53–55), is also inaccurate and **DISMISSED WITH PREJUDICE**.

Additionally, Plaintiff's claims under the First and Eleventh Amendment fail as a matter of law. The First Amendment is inapplicable to any interpretation of facts alleged in the complaint. Additionally, the Eleventh Amendment is irrelevant as its function is to immunize the States from lawsuits absent their consent. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974) ("While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.") The state—not the citizen—may raise an immunity defense under the Eleventh Amendment; thus, Plaintiff's use of it here is amiss. Therefore Plaintiff's First and Eleventh Amendment claims are **DISMISSED WITH PREJUDICE**.

Similarly, Plaintiff's claim that the officers in this case intruded on his seclusion fails. (*Id.* at 28.) Intrusion upon seclusion is a tort relating to invasions of privacy, not a federal right. *See* Restatement (Second) of Torts § 652B (1977); *see, e.g.*, *Taus v. Loftus*, 40 Cal. 4th 683 (2007). Thus, it cannot be brought through a Section 1983 claim as that section merely authorizes suits for violations of Constitutional rights. *Baker v. McCollan*,

443 U.S. 137, 146 (1979). Moreover, Plaintiff is suing state actors, thus his tort claim must be brought under the California Tort Claims Act ("CTCA"); however, under the CTCA a plaintiff must first present the public entity with a written claim before initiating a suit in court. *Butler v. Los Angeles County*, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008); *See* Cal. Gov't Code §§ 905, 945.4, 950.2. Plaintiff alleges no facts regarding compliance with this requirement. Additionally, there is no right to privacy in one's movements from one place to another when traveling on public thoroughfares. *U.S. v. Knotts*, 460 U.S. 276, 281 (1983). Plaintiff's vehicle was located in a public area and was subject to local laws and the jurisdiction of local law enforcement. Thus, to the extent Plaintiff alleges privacy tort claims under Section 1983, those claims are **DISMISSED WITH PREJUDICE**.

Plaintiff also claims the officers' demand for his registration was unconstitutional and violated his right to travel. (Doc. No. 4 at 36–42, 57–62.) Both Ninth Circuit and California precedent have found registration requirements do not impede on a person's right to travel. *Miller v. Reed*, 176 F.3d 1202, 1205 (9th Cir. 1999); *see also Darkins v. Snowden*, No. 13-3831-JLS(MAN), 2013 WL 5530977, at *7 (C.D. Cal. Oct. 1, 2013) ("It is beyond dispute that states may impose . . . vehicle registration requirements[.]"). "In the lawful exercise of its police power, the state may, beyond question, exact registration fees from owners and users of motor vehicles . . ., so long as the vehicles are or may be used on the public highways of the state." *Carley & Hamilton v. Snook*, 38 F.2d 1003, 1004–05 (N.D. Cal. 1929) (holding that the registration fee requirement of California's Vehicle Code is a "valid exercise of the police power of the state and violates no provision of the Constitution of the United States"). Thus, Plaintiff's assertions that California's registration requirements are unconstitutional are **DISMISSED WITH PREJUDICE**.

Finally, Plaintiff's allegations concerning the Ninth Amendment similarly fail because, as Defendants argue, "[t]he Ninth Amendment is not a legal basis for a section 1983 claim." (Doc. Nos. 13-1 at 22; 8-1 at 22.) The Ninth Amendment has "never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986). Thus,

Plaintiff's assertions under the Ninth Amendment are **DISMISSED WITH PREJUDICE**.

## IV. LEAVE TO AMEND

The Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, the Court grants Plaintiff leave to amend, but urges Plaintiff to *clearly* and *concisely* state a claim for relief in drafting a second amended complaint. If Plaintiff chooses to re-allege his § 1983 claims, Plaintiff must specify which underlying constitutional right was allegedly violated. Plaintiff is encouraged to use Defendants' thorough dismissal motion to address deficiencies in the complaint, such as the failure to show compliance with the Government Claims Act. (*See* Doc. Nos. 8-1 at 10; 13-1 at 9.) Plaintiff can also anticipate qualified immunity challenges to his allegations against the individually named officers and is advised to plead accordingly. (*See* Doc. Nos. 8-1 at 14; 13-1 at 14.) Plaintiff's amendment should also reflect the dismissal of the excess claims the Court has barred herein.

## V. CONCLUSION

The Court finds Plaintiff's FAC fails to comply with the pleading requirements of Federal rules of Civil Procedure. Thus, Plaintiff's FAC is **DISMISSED**. Plaintiff must file a **Second Amended Complaint** that cures the deficiencies outlined herein by **August 31, 2018**. Additionally, many of Plaintiff's claims are **DISMISSED WITH PREJUDICE** and should be omitted from further pleadings absent additional factual material that would render them relevant. Failure to file an amended complaint will result in dismissal of this action.

**IT IS SO ORDERED**.

Dated: July 31, 2018

Hon. Anthony J. Battaglia
United States District Judge